IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BERNABE RAMIREZ-ALCANTARA,

                      Petitioner,

   v.                                                    OPINION and ORDER

BUREAU OF IMMIGRATION & CUSTOMS                      25-cv-89-jdp
ENFORCEMENT,

                      Respondent.

---

Petitioner Bernabe Ramirez-Alcantara, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Ramirez-Alcantara contends that his expedited final order of removal is invalid because it wasn't issued by an immigration judge or the Board of Immigration Appeals (BIA). Dkt. 1. In a supplement, Ramirez-Alcantara contends that Bureau of Prison officials have denied him earned-time credit under the First Step Act (FSA) based on an erroneous determination that his expedited final order of removal is a valid final order of removal. Dkt. 4.

Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under 8 U.S.C. § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2). Ramirez-Alcantara's petition does not fit within scope of allowable petitions, and the FSA prohibits the BOP from applying his earned-time credit to his sentence because he's subject to a final order of removal. I will deny the petition.

BACKGROUND

Ramirez-Alcantara is a native and citizen of the Dominican Republic. Dkt. 9-9 at 2. In 2021, Ramirez-Alcantara was indicted in the District of Puerto Rico for conspiracy to possess

with intent to distribute a controlled substance, and possession with intent to distribute a controlled substance, both in violation of 21 U.S.C. § 841(a)(1). *United States v. Ramirez-Alcantara*, 21-cr-426 (D.P.R.), Dkt. 17. Ramirez-Alcantara pleaded guilty to the conspiracy charge, and was sentenced to 78 months' imprisonment. Dkt. 77 and Dkt. 145 in the '426 case. His term of imprisonment was later reduced to 62 months pursuant to 18 U.S.C. ¶ 3582(c)(2). Dkt. 198 in the '426 case. Ramirez-Alcantara is incarcerated at FCI Oxford and has a release date of March 28, 2026.

On May 1, 2024, the Department of Homeland Security (DHS) issued a notice and order of expedited removal against Ramirez-Alcantara. Dkt. 9-9 at 2. The order states that Ramirez-Alcantara is inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because: (1) he's a native and citizen of the Dominican Republic; and (2) he lacks valid entry documentation. *See id.*

## ANALYSIS

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

Ramirez-Alcantara is subject to an expedited order of removal issued under § 1225(b)(1), but judicial review of such orders is limited to the issues defined in § 1252(e)(2):

> (2) Habeas corpus proceedings
>
>> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>>
>> (A) whether the petitioner is an alien,
>>
>> (B) whether the petitioner was ordered removed under such section, and
>>
>> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2). Ramirez-Alcantara does not contend, and the record does not reflect, that any of these provisions applies.

Ramirez-Alcantara argues that the expedited order of removal is invalid because: (1) § 1225(b)(1) authorizes expedited orders of removal for only "individuals [caught] crossing the border illegally," whereas he had lived in Puerto Rico continuously for 30 years before his conviction; (2) neither an immigration judge nor the BIA issued the order; and (3) he has expressed a fear of persecution and torture if he returns to the Dominican Republic. But this court lacks jurisdiction to hear these arguments under § 1252(a) because they are outside the scope of § 1252(e)(2). Also, on the third point, there is no evidence that immigration proceedings are pending. *See Hurtado v. Warden, FCI Oxford*, No. 24-cv-796-wmc, 2025 WL 472742, at *2 (W.D. Wis. Jan. 14, 2025) ("Unless and until petitioner prevails in proceedings

3

before the immigration courts or a court of appeals, his expedited order of removal remains valid."). And Ramirez-Alcantara seeks release to DHS custody to "be deported to Dominican Republic," Dkt. 11 at 2, which undermines the statement that he fears persecution and torture.

The evidence shows that Ramirez-Alcantara is subject to a final order of removal. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it.

ORDER

IT IS ORDERED that:

1. Petitioner Bernabe Ramirez-Alcantara's petition, Dkt. 1 and Dkt. 4, is DISMISSED in part for lack of jurisdiction and otherwise DENIED.

2. The clerk of court is directed to enter judgment and close the case.

Entered July 9, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge